UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIENE HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LAPORTE COUNTY JAIL, TIM MACE,<br><br>Defendants. | CAUSE NO. 3:26-CV-180-PPS-JEM |

OPINION AND ORDER

Briene Henderson, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the complaint must be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint needs to contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he presents facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Henderson alleges his cell at the LaPorte County Jail was subjected to a "random but routine" shakedown on January 29, 2026. ECF 1 at 2. He says the officers didn't find

any contraband during the search, but Sgt. Tim Mace discovered a "clump of hair" and threw it in the garbage. *Id*. Henderson states, "I recently cut my dreadlocks off, which I planned on getting put back in my head upon my release. That's four years of my life Tim Mace threw away like trash." *Id*. He has sued the LaPorte County Jail and Sgt. Tim Mace for monetary damages.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But the loss of property, alone, doesn't state a claim under the Fourteenth Amendment. That amendment requires a loss of property *without due process*. Indiana provides a process that satisfies the due process clause for Henderson to use if he believes property (his cut dreadlocks) has been wrongfully taken or destroyed.

Specifically, the Indiana Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). These state laws provide a method for Henderson to seek reimbursement for the negligent loss or intentional deprivation of property, and that meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post

deprivation remedy."). It's regrettable that Henderson's hair was thrown away. However, because the Indiana Tort Claims Act provides him a post-deprivation remedy, he has not been denied due process, so this complaint doesn't state a viable claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons explained, such is the case here.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state a claim for which relief can be granted.

**SO ORDERED.**

ENTERED: October 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT